IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
CASE NO. 2:20-CV-00074-M

| | | |
|---|---|---|
| QUINTON J. ELLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| KILOLO KIJAKAZI, | ) | |
| *Acting Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the court on the Memorandum and Recommendation ("M&R")
of United States Magistrate Judge Kimberly A. Swank [DE 23]. Judge Swank recommends that
this court deny Plaintiff Quinton J. Ellis' ("Ellis") Motion for Judgment on the Pleadings, grant
Defendant's Motion for Judgment on the Pleadings, and affirm the final decision of the
Commissioner. Ellis filed an objection to the M&R [DE 24] and Defendant filed a response to the
objection [DE 25. The matter is ripe for ruling.

I.      Standard of Review

"The Federal Magistrates Act requires a district court to make a de novo determination of
those portions of the magistrate judge's report or specified proposed findings or recommendations
to which objection is made." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315
(4th Cir. 2005) (emphasis, alteration, and quotations omitted); *see* 28 U.S.C. § 636(b). Absent
timely objection, "a district court need not conduct a de novo review, but instead must only satisfy
itself that there is no clear error on the face of the record in order to accept the recommendation."
*Diamond*, 416 F.3d at 315 (citation and quotations omitted).

## II.    Ellis's Objection

Ellis does not lodge objections to the M&R's "Statement of the Case" section, "Standard of Review" section, "Disability Determination" section, or "ALJ's Findings" section. The court finds no clear error with those sections on the face of the record and therefore adopts and incorporates by reference those portions of the M&R as if fully set forth herein.  Instead, Ellis re-argues the claim of error he contends was committed by the Administrative Law Judge ("ALJ") and was *not* considered by Judge Swank.  In his objection, Ellis contends that "the Magistrate Judge ignored the crux of the prevailing law and regulations requiring the ALJ to sufficiently explain how the evidence supported her RFC determination." Objection at 1, DE 24.

While this court's review of objected-to, magistrate-judge findings will be de novo, "[w]e uphold a Social Security disability determination if (1) the ALJ applied the correct legal standards and (2) substantial evidence supports the ALJ's factual findings." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 94 (4th Cir. 2020) (citations omitted). The standard applied to the substantial-evidence inquiry is a deferential one, review being limited to whether the ALJ "'buil[t] an accurate and logical bridge' from the evidence to their conclusion." *Id.* at 95 (citations omitted); *see also Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) ("In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner].") (citation omitted); *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439-40 (4th Cir. 1997) (discussing that a court's review is focused on whether the ALJ analyzed the relevant evidence and sufficiently explained his findings and rationale in crediting the evidence).

After a de novo review, the court finds that no errors were made by the ALJ, overrules the objection, adopts the rationale and explanation of the "Discussion" section of the M&R, and

2

concurs in the M&R's recommended rulings. Below, the court provides additional observations based upon its de novo review of the objection, the briefing, and the record before it.

### III. The ALJ sufficiently explained how the evidence supported her RFC determination.

The ALJ found Ellis was impaired by diabetes mellitus with peripheral neuropathy and status post toe amputations for osteomyelitis and concluded that Ellis "has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except no more than occasional postural movements but never climbing of ladders, ropes, or scaffolds; must avoid all exposure to hazards; must have a sit/stand option or a limitation of standing and walking to 2 hours total in a workday." R. 12, 13. Ellis asserts that Judge Swank erred by "concluding that the only evidence the ALJ needed to consider was Plaintiff's testimony" and "ignore[d] the objective evidence of record which appears to contradict the RFC," including "imaging studies show[ing] findings of osteomyelitis, neurologic examinations show[ing] gross loss of sensation in the left leg, and vascular examinations show[ing] delayed capillary refill and decreased protective sensation in the left plantar foot." Objection at 2, DE 24. Ellis argues that "[w]hile the ALJ did generally summarize the medical evidence elsewhere in her decision, she neither specifically identified which findings she relied upon in crafting the RFC, nor attempted to rectify any objective evidence which conflicted with her RFC determination." *Id.*

Ellis made the same argument in his motion at pages 11-12. DE 20-1. It appears that the magistrate judge did not specifically address the argument in her recommendation; however, the court finds such omission harmless because, like Judge Swank, the court concludes the ALJ applied the correct legal standards, and the RFC is supported by substantial evidence.

In her decision, the ALJ recited Ellis' relevant medical history (R. 15-17)[1] and made the

following conclusions based on the record:

> Overall, despite some non-compliance with treatment, the objective medical
> evidence and the claimant's activities of daily living support the above range of
> light work. The claimant has had some non-compliance with his diabetes mellitus
> treatment but the evidence shows his father gave him a car that he drives on his
> own, that he eats out at restaurants, and that he has not attempted unsuccessfully to
> access drug company programs for low-income drug programs or been unable to
> access needed medical care at indigent clinics.
>
> No medical evidence supports the claimant's alleged need for elevation of his leg
> due to swelling for half a workday or that he would be off task a significant portion
> of the workday. The claimant had treatment with an off-loading boot to help his
> foot wounds heal when compliant with it, but there is no evidence of treatment for
> significant edema such as compression hose. The claimant also often denied edema
> and had either no edema or some sporadic findings of only 1+ edema on
> examination. The claimant had cellulitis treatment of his feet in the summer of 2018
> and necrosis shortly after his release from prison in April 2018 but his cellulitis
> resolved with treatment. He had cellulitis again in 2019 that was treated with
> antibiotics and that responded to treatment compliance. Although he has some loss
> of sensation, his neuroprotective sensation was almost always intact when
> documented, indicating he had some intact functioning consistent with the limited
> standing and walking in the residual functional capacity. He often had palpable
> pulses bilaterally and full strength.
>
> The claimant reported in February 2019 that he was not using an assistive device
> for ambulating and did not report any problem with balance or falling. He also
> reported he was driving himself. The claimant reported his foot worsened with more
> walking as the day goes on but he seems to do significant walking consistent with
> a capacity for the 2-hour stand/walk capacity found. The claimant was found to
> have a normal gait and to have adequate ambulation with his total contact cast. He
> also [had] no complaints with his cast and reported no falls with it.

R. 17. These conclusions, unrebutted by Ellis here, directly respond to the objective medical

evidence Ellis contends the ALJ ignored. For example, the "imaging studies show[ing] findings

of osteomyelitis" occurred in the summer 2018 (*see e.g.*, R. 397); Ellis was initially treated with

---

[1] "R." denotes a reference to the transcript of the entire record of proceedings before the Social
Security Administration, appearing at Docket Entry 16. Page references are to those assigned by
the transcript index, not those assigned by the CM/ECF electronic docketing system.

antibiotics for acute osteomyelitis in his left big toe, then the toe was eventually amputated (*see id.*; *see also* R. 15), he was assessed with a "normal gait," and Ellis reported no problems with balance or falling. Likewise, the "examinations show[ing] gross loss of sensation in the left leg" occurred in the summer 2018 (R. 15; *see, e.g.*, R. 414); based on the whole medical record, the ALJ concluded, "Although he has some loss of sensation, his neuroprotective sensation was almost always intact when documented, indicating he had some intact functioning consistent with the limited standing and walking in the residual functional capacity." R. 17. Finally, with respect to the "vascular examinations show[ing] delayed capillary refill and decreased protective sensation in the left plantar foot," the ALJ opined, "The claimant reported his foot worsened with more walking as the day goes on but he seems to do significant walking consistent with a capacity for the 2-hour stand/walk capacity found. The claimant was found to have a normal gait and to have adequate ambulation with his total contact cast. He also [had] no complaints with his cast and reported no falls with it." *Id.* The court finds the ALJ sufficiently explained how the objective evidence supported the RFC.

Ellis relies on three cases in support of his argument: *Monroe v. Colvin*, 826 F.3d 176, 190 (4th Cir. 2016), *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013),[2] and *Williams v. Berryhill*, No. 5:17-CV-263-FL, 2018 WL 3596865, at *6 (E.D.N.C. June 26, 2018), *report and recommendation adopted*, 2018 WL 3594983 (E.D.N.C. July 26, 2018). In *Monroe*, the court found that the ALJ "failed to build an accurate and logical bridge from the evidence to his

---

[2] The *Radford* court found the "district court abused its discretion in directing an award of benefits rather than remanding for further explanation by the ALJ of why Radford does not meet Listing 1.04A," particularly where "Radford's medical record includes a fair amount of evidence supportive of his claim" and "strongly suggesting that Radford meets or equals Listing 1.04A." *Radford*, 734 F.3d at 295. There is no such argument made in this case; thus, the court assumes Ellis cited *Radford* simply for general statements of applicable law.

conclusion" that the claimant's testimony concerning episodes of loss of consciousness and fatigue was not credible. *Monroe*, 826 F.3d at 189-90. The *Monroe* court cited *Radford* for the proposition that "[a] necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling," including "a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." *Id.* at 189 (citing 734 F.3d at 295). Likewise, in *Williams*, the court found the ALJ "failed to build an accurate and logical bridge between the evidence—detailing the claimant's physical anger issues—and the conclusion that the claimant "could frequently respond appropriately to supervisor, co-workers, and the public." 2018 WL 3596865, at *6. Unlike the ALJs in *Monroe* and *Williams*, the ALJ here discussed Ellis' statements both as reported in the medical record (R. 17) and at the hearing before her, described which evidence she found credible and why, and linked her conclusions to the RFC:

> The evidence generally does not support the claimant's alleged loss of functioning. The claimant alleges he needs to elevate his leg 4-5 hours a day and is very limited with sitting, walking, standing, and lifting. However, his allegations are not completely consistent with his daily activities including performing his personal care, doing his own laundry, eating out, leaving his home alone and driving, and not using an assistive device to ambulate or reporting any issues with balance. Further, the medical evidence is not consistent with his allegation that he needs to elevate his leg 4-5 hours a day or that he would be off task half the workday. The medical evidence supports that the claimant has some limitations due to his diabetes mellitus with peripheral neuropathy and toe amputations but that he is able to perform light exertional work with a sit/stand option or a limitation of standing and walking 2 hours total in a workday with only occasional postural movements, no climbing ladders, ropes, or scaffolds, and no exposure to hazards.

R. 14-15. In his objection to the M&R, Ellis does not refute these findings or point to any others from the ALJ that support his claim of error. The court finds no error by the ALJ; she applied the correct legal standards, and her conclusions are supported by substantial evidence.

IV.  Conclusion

Having reviewed Ellis' objection de novo, the court: (1) ADOPTS the M&R [DE 23]; (2)

UPHOLDS the decision of the Commissioner of the Social Security Administration; (3) DENIES

Ellis' Motion for Judgment on the Pleadings [DE 20]; and (4) GRANTS Defendant's Motion for

Judgment on the Pleadings [DE 21].  The Clerk of Court is DIRECTED to enter judgment in favor

of Defendant, forward a copy of this order to Ellis and all counsel of record, and close this case.

SO ORDERED this 31st day of March, 2022.

_____

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE